**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1647**

WEIRTON MEDICAL CENTER, INC.,

Plaintiff - Appellant,

v.

QHR INTENSIVE RESOURCES, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:15-cv-00131-FPS)

Submitted: March 3, 2017          Decided: March 28, 2017

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Pamela A. Bresnahan, VORYS, SATER, SEYMOUR AND PEASE LLP, Washington, D.C.; Peter A. Lusenhop, Mitchell A. Tobias, VORYS, SATER, SEYMOUR AND PEASE LLP, Columbus, Ohio; Anthony Cillo, COHEN & GRIGSBY, PC, Pittsburgh, Pennsylvania, for Appellant. Athanasios Basdekis, BAILEY & GLASSER, LLP, Charleston, West Virginia; Ellis Reed-Hill Lesemann, LESEMANN & ASSOCIATES LLC, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Weirton Medical Center, Inc., appeals from the district court's order denying its motion to vacate a $1,486,903.11 arbitration award entered in favor of QHR Intensive Resources, LLC ("QIR"), confirming the award, and dismissing the complaint. We affirm.

"This court reviews de novo the district court's denial of a motion to vacate an arbitration award." Brown & Pipkins, LLC v. Serv. Emps. Int'l Union, 846 F.3d 716, 723 (4th Cir. 2017) (brackets and internal quotation marks omitted). Generally, "judicial review of an arbitration award in federal court is severely circumscribed and among the narrowest known at law." Jones v. Dancel, 792 F.3d 395, 401 (4th Cir. 2015) (internal quotation marks omitted), cert. denied, 136 S. Ct. 591 (2015). As such, "a court must confirm an arbitration award unless a party to the arbitration demonstrates that the award should be vacated under one of . . . four enumerated grounds" in 9 U.S.C. § 10 (2012). Id. (internal quotation marks omitted). As pertinent here, an arbitration award may be vacated if it "was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). To establish that an arbitration award was procured by undue means, the party seeking vacatur typically must demonstrate "that the fraud or corruption was (1) not discoverable upon the exercise of due diligence prior to the

2

arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 858 (4th Cir. 2010) (brackets and internal quotation marks omitted).

QIR, a consulting firm, contracted with Weirton to provide various hospital management services aimed at improving Weirton's financial health. Within two years, Weirton terminated the agreement and QIR commenced arbitration proceedings. Among those to testify at the arbitration hearing were four interim officers whom QIR had selected for Weirton as part of QIR's obligations under the agreement. As a result of QIR's posthearing motion for attorney's fees and costs, Weirton discovered that these witnesses had entered into compensation agreements with QIR. Weirton claims that these witnesses actively concealed the existence of these agreements, and that such misconduct impacted the outcome of the arbitration.

We agree with the district court that none of the witnesses' testimony relied on by Weirton constituted clear and convincing evidence of undue means. Moreover, Weirton had the opportunity to question these witnesses at the arbitration hearing and failed to inquire as to the existence of any compensation arrangements made with QIR. Weirton cannot

3

complain that these witnesses tried to conceal something that it never sought to discover.

Finally, Weirton has not demonstrated a causal connection between the witnesses' testimony and the result of the arbitration. MCI Constructors, 610 F.3d at 858–59 & n.6. While Weirton speculates that the arbitrator would have construed a contested contractual provision differently had he been aware of the witnesses' allegedly false or misleading testimony, the arbitrator's report makes clear that he found this to be an unambiguous provision that did not require additional evidence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4