**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1058

WEIRTON MEDICAL CENTER, INCORPORATED,

Plaintiff - Appellant,

v.

QUORUM HEALTH RESOURCES, LLC; STEPHEN MILLER; MICHAEL
ROLPH; ROBERT LOVELL; ROBERT VENTO; DANIEL HAMMAN; JOHN
WALTKO,

Defendants - Appellees,

and

COMMUNITY HEALTH SYSTEMS, INCORPORATED,

Defendant.

Appeal from the United States District Court for the Northern District of West Virginia,
at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:15-cv-00132-FPS)

Submitted: July 31, 2018                    Decided: August 14, 2018

Before MOTZ and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Patrick S. Casey, CASEY & CHAPMAN, PLLC, Wheeling, West Virginia; Anthony Cillo, COHEN & GRIGSBY, PC, Pittsburgh, Pennsylvania, for Appellant. Ellis R. Lesemann, Michelle A. Matthews, LESEMANN & ASSOCIATES LLC, Charleston, South Carolina; William J. Ihlenfeld, II, BAILEY & GLASSER LLP, Wheeling, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Weirton Medical Center, Inc. ("Weirton"), appeals the district court's order confirming an arbitration award entered in favor of Quorum Health Resources, LLC ("Quorum"), and several individuals. Weirton argues that the arbitrator manifestly disregarded the law in applying res judicata and collateral estoppel to bar most of its claims. For the reasons that follow, we affirm.

"This court reviews de novo the district court's denial of a motion to vacate an arbitration award." *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 723 (4th Cir. 2017) (brackets and internal quotation marks omitted). Generally, "judicial review of an arbitration award in federal court is severely circumscribed and among the narrowest known at law." *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (internal quotation marks omitted). However, a court may vacate an arbitration award upon a showing that the arbitrator manifestly disregarded the law. *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 483 (4th Cir. 2012). To prevail under this standard, a plaintiff must demonstrate "that: (1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." *Jones*, 792 F.3d at 402. Misapplication or misconstruction of the law does not constitute manifest disregard. *Id.* Rather, the plaintiff must show that the arbitrator was "aware of the law, understood it correctly, found it applicable to the case before [him], and yet chose to ignore it in propounding [his] decision." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994).

3

In 2015, QHR Intensive Resources, LLC ("QIR"), a subsidiary of Quorum, prevailed in an arbitration proceeding against Weirton. The arbitration concerned a dispute over QIR's agreement to provide Weirton with various hospital management services, including appointment of three interim executive officers. While Weirton unsuccessfully pursued vacatur of this first arbitration award, *see Weirton Med. Ctr., Inc. v. QHR Intensive Res., LLC*, 682 F. App'x 227 (4th Cir. 2017) (No. 16-1647), it commenced the instant action against Quorum, the three interim officers, and others. The district court eventually ordered the case to arbitration, where the arbitrator determined that most of Weirton's claims had already been adjudicated in the first arbitration and entered an award in Appellees' favor. The district court denied Weirton's motion to vacate the arbitration award and granted Appellees' motion to confirm.

On appeal, Weirton contends that the second arbitrator ignored the first arbitrator's determination that the three interim officers were employees only of Weirton, such that they could not be in privity with QIR for claim preclusion purposes. *See Fruth v. Powers*, 806 S.E.2d 465, 474 (W. Va. 2017) (providing West Virginia requirements for res judicata and collateral estoppel). Weirton maintains that the second arbitrator was bound by the first arbitrator's decision, and that the second arbitrator's contradictory finding reflected a manifest disregard for the law of the case. Weirton is mistaken, however, as the first arbitrator did not address whether the interim officers severed their relationship with QIR or enjoyed an exclusive relationship with Weirton. Rather, the first arbitrator merely stated that the interim officers served as Weirton's borrowed employees. As a result, the second arbitrator's finding—that the interim officers

4

remained in privity with QIR while working for Weirton—is not inconsistent with the first arbitrator's findings. Thus, we conclude that Weirton has failed to establish that the second arbitrator manifestly disregarded the law in reaching his decision.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*